IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KENNETH G. ROBERTS, | : |
| Petitioner, | : |
| VS. | :    **1 : 11-CV-124 (WLS)** |
| CEDRIC TAYLOR, Warden, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this § 2254 action is the Respondent=s Motion to Dismiss the Petition as untimely filed. (Doc. 7). The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was signed by the Petitioner on September 12, 2011, and filed with this Court on September 14, 2011.

The Petitioner was convicted on charges of aggravated stalking, malice murder, and possession of a firearm during the commission of a felony in the Ben Hill County Superior Court on June 9, 1999. His conviction was upheld on direct appeal to the Georgia Supreme Court on October 2, 2000. *Roberts v. State*, 272 Ga. 822, 537 S.E.2d 86 (2000). The Petitioner filed a state habeas petition in the Superior Court of Mitchell County on October 5, 2006. Relief was denied on March 17, 2011, and Petitioner=s application for a certificate of probable cause to appeal was denied on April 26, 2011. The Petitioner then filed this federal habeas petition on September 14, 2011.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28

U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

As Petitioner did not petition the United States Supreme Court for certiorari following the affirmance of his convictions and sentences by the Georgia Supreme Court on October 2, 2000, his conviction became final on January 1, 2001, when the ninety (90) day period for filing an application for certiorari to the United States Supreme Court expired. *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006); *Chavers v. Sec'y., Fla. Dep't. of Corr.,* 468 F.3d 1273, 1274 (11th Cir. 2006). The Petitioner then waited until October 5, 2006 to file his state habeas petition. By the time Petitioner filed his state habeas petition, the one-year period for filing his federal habeas petition, or tolling said period with a properly filed state filing, had expired, as of January 1, 2002. The Petitioner's filing of this federal habeas petition was therefore clearly untimely, and the tolling provision of §2244(d)(2) does not afford the Petitioner any protection.

Additionally, the Petitioner has not established the basis for equitable tolling of the time limitation. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he

established his diligence in pursuing relief.  Finally, the Petitioner has not set forth any probative evidence of actual innocence.  A claim of actual innocence must be supported with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.  *Schlup v. Delo*, 513 U.S. 298, 317 (1995).  "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed."  *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the Recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 16th day of May, 2012.

    s/  ***THOMAS Q. LANGSTAFF***
    UNITED STATES MAGISTRATE JUDGE